**ROBINS / KAPLAN** LLP

800 LASALLE AVENUE
SUITE 2800
MINNEAPOLIS, MN 55402

612 349 8500 TEL
612 339 4181 FAX
ROBINSKAPLAN.COM

CHARLIE C. GOKEY
612 349 0812 TEL
CGokey@RobinsKaplan.com

August 5, 2022

VIA ECF

Hon. Eric C. Tostrud
United States District Judge
United States District Court
316 North Robert Street
St. Paul, MN 55101

  Re: *BCBSM v. GS Labs*, No. 22-CV-513 (ECT/DTS) – Page Limit Extension

Dear Judge Tostrud:

  We write on behalf of BCBSM, Inc. ("Blue Cross") regarding the above litigation. Specifically, we write to request an extension of the word limit set by Local Rule 7.1(f)(1)(D) from 12,000 words to 24,000 words for Blue Cross's forthcoming motion to dismiss GS Labs' Amended Counterclaims. Blue Cross anticipates filing the motion on August 9, 2022.

  Good cause exists for this extension given the extraordinary length and complexity of GS Labs' Amended Counterclaims (ECF 22), which assert 21 causes of action across more than 100 pages. The disparate and unusual claims GS Labs has pled include (1) two claims requesting that this Court imply a novel private cause of action under a recent federal statute (Counts I and II); (2) five claims asserting an elaborate antitrust conspiracy under state and federal law (Counts XIII to XVIII); (3) seven contractual and quasi-contractual claims touching on six separate sets of contracts, each raising distinct legal issues; (4) three claims for false advertising under state and federal law, which concern five separate sets of allegedly false statements (Counts X to XII); and (5) two unusual claims in which GS Labs asks the Court to incorporate the requirements of a federal statute into Minnesota's common law of negligence and unjust enrichment (Counts V and VI).

  For reference, GS Labs initially pled a subset of five of the above in its original Counterclaims (ECF 10), which stretched just 26 pages. Given the novelty of those five claims, Blue Cross's Memorandum in Support of its first Motion to Dismiss (ECF 15) came near enough to the word limit set by Local Rule 7.1 to allow for only a short reply brief. GS Labs' Amended Counterclaims more than

August 5, 2022
Page 2

*quadruple* both the number of claims and pages. The claims GS Labs has added raise new and complex legal issues, engrafting onto this case entire new fields of law, some of which (antitrust in particular) are notoriously complicated.

Blue Cross believes that GS Labs' Amended Counterclaims, like its original Counterclaims, fail as a matter of law. But given their quantity and complexity, it is not possible to address them within the word limit set by Local Rule 7.1.

Having prepared an initial draft of its opening brief, and having already made substantial cuts, Blue Cross believes that extending the word limit set by Local Rule 7.1(f)(1)(D) from 12,000 words to 24,000 words is necessary for a full and fair opportunity to address the legal issues raised by GS Labs' Amended Counterclaims. Without this extension, Blue Cross will be badly prejudiced in its ability to defend these counterclaims through no fault of its own, but due solely to GS Labs' choice to file an extraordinarily voluminous pleading. Moreover, courts must be "reasonably aggressive in weeding out meritless antitrust claims at the pleading stage" because of the "unusually high cost of discovery in antitrust cases," the "limited success of judicial supervision in checking discovery abuse," and the "threat [that] discovery expense will push cost-conscious defendants to settle even anemic cases." *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 (8th Cir. 2015) (citation omitted). The requested extension is significantly smaller than word-limit extensions this Court has granted for motions to dismiss antitrust claims, even in the absence of numerous additional types of claims. *See, e.g.*, Order Regarding Briefing on Motions to Dismiss, *In re Cattle Antitrust Litigation*, 0:19-cv-01222-JRT-HB (D. Minn. Aug. 1, 2019) (permitting the defendants 27,000 words for a joint brief, as well as 7,500 additional words for individual briefs, on a motion to dismiss a complaint bringing 7 antitrust claims across 115 pages).

GS Labs initially refused to consent to any extension of the word limit at all, contending that it is inappropriate for Blue Cross to move to dismiss the Amended Counterclaims in their entirety. After the parties conferred, GS Labs followed up via email and offered to extend the word limit to 18,000, without explaining why it would not agree to more. As discussed above, Blue Cross has prepared a draft brief and, having already made significant cuts, knows that it cannot realistically address 21 disparate claims raising disparate issues across 105 pages within that limit.

We thank the Court for its attention to this matter.

Respectfully,

*/s/ Charlie C. Gokey*
Charlie C. Gokey