UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BCBSM, INC., d/b/a/ BLUE CROSS
AND BLUE SHIELD OF MINNESOTA,
*a Minnesota nonprofit corporation, on behalf of itself and its self-insured groups*,

        Plaintiff and Counterclaim Defendant,

v.

GS LABS, LLC, *a Nebraska limited liability company*,

        Defendant and Counterclaim Plaintiff.

Case No. 22-CV-513 (ECT/DTS)

**AMENDED ERISA RULE 26(F) REPORT**

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on June 21, 2022, and prepared the following report. The parties/counsel then met and conferred via correspondence during the week of August 1, 2022, in advance of the rescheduled August 9, 2022 conference.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **August 9, 2022,** at **11:00 a.m.** before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

**TRIAL BY MAGISTRATE JUDGE**

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge **do not** waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability

to engage in a settlement conference presided over by a magistrate judge in this district. If the parties consent and to the magistrate judge they may request a date certain for trial set at the Rule 16 conference, and a date certain for trial will be set at that time.

The parties **do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

The parties **do** wish to receive a date certain for trial at the Rule 16(a) conference.

### DESCRIPTION OF THE CASE

1. Concise factual summary of Plaintiff's claims:

   Plaintiff BCBSM, Inc. ("Blue Cross") offers health plans, and Defendant GS Labs, LLC ("GS Labs") provides COVID-19 diagnostic testing. Blue Cross intends to prove that GS Labs engaged in unfair and deceptive practices relating to its COVID-19 testing, and submitted false and misleading claims for reimbursement to Blue Cross. Specifically, GS Labs represented to Blue Cross that the amount it billed to Blue Cross was its "cash price," and therefore the CARES Act required Blue Cross to pay the entire amount, when in fact GS Labs' billed amount was not its true "cash price." GS Labs' billed rates were up to ten times higher than those charged by other labs. GS Labs also submitted claims with false information concerning the circumstances under which it performed certain testing. And GS Labs systematically administered multiple tests in medically unjustifiable combinations to patients to increase the amount it billed to Blue Cross.

   Blue Cross brings this action against GS Labs seeking relief under the Minnesota Consumer Fraud Act (MCFA), the Minnesota Uniform Deceptive Trade Practices Act (MDTPA), the Employee Retirement Income Security Act of 1974 (ERISA). Blue Cross also seeks relief under common law claims of fraud and unjust enrichment. Finally, Blue Cross seeks relief under the Declaratory Judgment Act, as GS Labs has threatened legal action against Blue Cross concerning its refusal to pay GS Labs' exorbitant prices and claims tainted by GS Labs' unlawful conduct.

2. Concise factual summary of Counterclaim Plaintiff and Defendant's claims/defenses:

   GS Labs denies Blue Cross' allegations and asserts counterclaims. GS Labs seeks full reimbursement for the publicly-posted cash price of life-saving COVID-19 diagnostic testing that GS Labs provided (without requiring

prepayment) to over 200,000 of insureds of Blue Cross, in response to the federally-established policy and law enacted to address the crippling worldwide pandemic, which has claimed over 1,000,000 American lives. Despite GS Labs' repeated demands for reimbursement, Blue Cross has willfully refused to fully reimburse GS Labs the statutorily-required price advanced by GS Labs as a credit in Blue Cross' benefit for testing Blue Cross' insureds for COVID-19.

Furthermore, Blue Cross has violated various statutes and is liable to GS Labs for its willful misconduct. Among other things, GS Labs alleges counterclaims for price fixing in violation of the antitrust laws, attempted monopolization, deceptive trade practices, consumer fraud, false advertising, tortious interference (both with prospective economic advantage and contract), violation of ERISA, and more. GS Labs' compensatory damages exceed $70 million (only taking into account the outstanding balance of unpaid claims for COVID-19 diagnostic testing).

GS Labs seeks a money judgment in its favor for the full reimbursement Blue Cross owes GS Labs, totaling over $70 million dollars, and which increases each day. GS Labs also seeks injunctive relief, damages, penalties, treble damages, and exemplary damages against Blue Cross. And GS Labs seeks punitive damages due to Blue Cross' deliberate disregard of the law and the rights and safety of others and the public health.

3. Statement of jurisdiction (including statutory citations):

<u>Subject matter jurisdiction</u>:

This Court has subject matter jurisdiction over this action under 15 U.S.C. § 4 because GS Labs asserts antitrust claims under the Sherman Act, and Congress has vested exclusive jurisdiction in the United States District Courts to prevent and restrain violations of the federal antitrust laws.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is a complete diversity of citizenship between Blue Cross and GS Labs and the amount in controversy exceeds $75,000.

This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the Constitution, laws, or treatises of the United States. Specifically, Blue Cross asserts a claim under ERISA, 29 U.S.C. §§ 1001, *et seq.* Blue Cross alleges it has standing to bring its ERISA claims as a claims fiduciary on behalf of its own employee benefit plan, its fully insured employer plans, and for the self-funded health plans it administers.

Further, this Court has subject matter jurisdiction over Blue Cross' and GS Labs' supplemental state and common law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claims alleged by both parties that they form part of the same case or controversy.

<u>Personal jurisdiction</u>:

This Court has personal jurisdiction over GS Labs because this case arises out of activities GS Labs conducted in, and directed toward, Minnesota. In particular, it arises out of COVID-19 testing that GS Labs performed on Minnesota residents at testing sites it maintains in Minnesota, and out of insurance claims GS Labs submitted to Blue Cross in Minnesota related to that testing. The counterclaims in this case also arise out of activities Blue Cross had conducted in, and directed toward, Minnesota.

4. Summary of factual stipulations or agreements:

   a. GS Labs is a Nebraska-based laboratory system founded in January 2020 and provides COVID-19 diagnostic testing at sites in Minnesota, Iowa, Nebraska, Oregon, and Washington. GS Labs operates COVID-19 diagnostic testing clinics in Minnesota, including in Blaine, Shakopee, and Eagan.

   b. Blue Cross is a Minnesota nonprofit corporation, with its principal place of business in Dakota County, Minnesota.

   c. GS Labs offers COVID-19 diagnostic testing that falls within categories commonly referred to as rapid antigen and PCR testing. It previously offered COVID-19 diagnostic testing that falls within categories commonly referred to as rapid antibody and large-panel PCR testing, but currently no longer offers those tests.

   d. GS Labs' clinics serve high volumes of patients with short appointments, with each clinic able to accommodate upwards of up to 1,000 patients a day. Many patients remain in their cars throughout their appointment, and in many instances, nurses obtain samples for COVID-19 diagnostic testing through the car window.

   e. GS Labs accepts commercial insurance and does not accept government-funded insurance other than the Federal Employee Plan.

   f. GS Labs has submitted more than 190,000 claims for COVID-19

4

      testing to Blue Cross. Among those claims are claims for COVID-19 diagnostic testing that falls within categories commonly referred to as antibody testing and large-panel testing.

    g. Blue Cross has paid partial reimbursement to GS Labs, but Blue Cross has not fully reimbursed GS Labs for COVID-19 testing.

    h. GS Labs contends it is entitled to payment of millions of dollars more on its claims for reimbursement from Blue Cross that remain pending.

5. Statement of whether a jury trial has been timely demanded by any party:

    Both parties have timely demanded a jury trial.

6. Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

    The parties do not agree to resolve this matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

## PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served. All pleadings (Complaint and GS Labs' Answer and Counterclaims) have been filed. Blue Cross intends to file a motion to dismiss on August 9, 2022. The parties do not currently anticipate further amending their pleadings or adding additional parties to the action, but reserve all rights to move to do so by the agreed-upon date specified below (March 15, 2023).

## FACT DISCOVERY

The parties request the Court to establish the following fact discovery deadlines and limitations:

1. The parties served their initial disclosures under Fed. R. Civ. P. 26(a)(1) on <u>July 15, 2022</u>.

2. The parties do not anticipate conducting any physical or mental

examinations under Fed. R. Civ. P. 35.

3. The parties must commence fact discovery procedures in time to be completed by <u>July 14, 2023</u> (excluding expert discovery) and by <u>November 22, 2023</u> for expert discovery.

   a. The identification of any expert who may testify at trial regarding issues on which the party has the burden of persuasion, along with the initial expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served on or before <u>September 6, 2023</u>.

   b. The identification of any experts who may testify in rebuttal to any initial expert, along with the rebuttal expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served on or before <u>October 18, 2023</u>.

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

   a. Interrogatories
      - Blue Cross proposes: <u>25</u> interrogatories per side, which is consistent with the default limit established in Fed. R. Civ. P. 33(a);
      - GS Labs proposes: <u>50</u> interrogatories per side, given the large number of issues, claims, and defenses in this case;

   b. <u>No limit</u> in document requests, which is consistent with the default rule established in Fed. R. Civ. P. 34;

   c. <u>No limit</u> in requests for admission, which is consistent with the default rule established in Fed. R. Civ. P. 36. The parties will discuss a protocol for the authentication of documents.

   d. Depositions
      - Blue Cross proposes: <u>10</u> factual depositions (excluding experts) per side, which is consistent with the default rule established in Fed. R. Civ. P. 30(a);
      - GS Labs proposes: <u>25</u> factual depositions (excluding experts) per side, given the large number of issues, claims, and defenses in this case;

    e.    <u>No limit</u> in Rule 35 medical examinations, which is consistent with the default rule established in Fed. R. Civ. P. 35 (although the parties do not anticipate needing to conduct such examinations); and

    f.    The parties have discussed the topic of Rule 30(b)(6) deposition practice and have made the following agreements:

The parties do not presently seek a variance from the terms of the Federal Rules of Civil Procedure with respect to noticing and conducting depositions of 30(b)(6) witnesses. The parties, however, reserve the right to modify the default rules by stipulation or motion and court order as the need arises.

## OTHER DISCOVERY ISSUES

1. Protective Order

The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed HIPAA-qualified protective order. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

2. Discovery of Electronically-Stored Information

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

The parties are in the process of proposing an ESI Agreement, which the parties will jointly submit for the Court's consideration or otherwise present any disputes to the Court by <u>August 26, 2022</u>.

3. Claims of Privilege or Protection

The parties have discussed issues regarding the protection of

information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502, and will include their agreement in a proposed Stipulated Protective Order.

## MOTION SCHEDULE

The parties proposed the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by March 15, 2023.

2. Motions seeking to amend the pleadings must be filed and served by March 15, 2023.

3. Non-Dispositive Motions

    a. All non-dispositive motions relating to *fact* discovery must be filed and served by July 14, 2023.

    b. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by December 8, 2023.

    4. Dispositive Motions: All dispositive motions must be served and filed by February 16, 2024.

## TRIAL

1. The parties agree that the case will be ready for trial on or after June 1, 2024.

2. The anticipated length of the jury trial is 10-15 days.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the Defendant is self-insured: Not applicable at this time.

## SETTLEMENT

The parties have discussed settlement before or at the Rule 26(f) meet-and-confer and each party will e-mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believe an early settlement conference would be productive.

Dated:  August 5, 2022	**ROBINS KAPLAN LLP**

*/s/Jeffrey S. Gleason*
Jeffrey S. Gleason, #0396190
Charles C. Gokey, #0402225
Geoffrey H. Kozen, #0398626
Stephanie A. Chen, #0400032
800 LaSalle Avenue, Suite 2800
Minneapolis, MN  55402
Phone: (612) 349-8500
Facsimile: (612) 339-4181
jgleason@robinskaplan.com
cgokey@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com

*Counsel for Plaintiff and Counter-Defendant Blue Cross and Blue Shield of Minnesota*


Dated:  August 5, 2022	**WINTHROP & WEINSTINE, P.A.**

*/s/Thomas H. Boyd*
Thomas H. Boyd, #200517
David Aafedt, #27561X
Christianna Finnern, #310724
Kyle R. Kroll, #398433
225 South Sixth Street, Suite 3500
Minneapolis, MN  55402
Phone: (612) 604-6400
tboyd@winthrop.com
cfinnern@winthrop.com
daafedt@winthrop.com
kkroll@winthrop.com

--and--

**DAVIS WRIGHT TREMAINE LLP**
Yonaton Rosenzweig (*pro hac vice*)
Kajetan Rozga (*pro hac vice*)
Adam S. Sieff (*pro hac vice*)
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
T: (213) 633-6800
yonirosenzweig@dwt.com
kajrozga@dwt.com
adamsieff@dwt.com

*Attorneys for Defendant GS Labs, LLC*

24482006v3