**WINTHROP & WEINSTINE**

August 8, 2022

Thomas H. Boyd
Direct Dial: (612) 604-6505
Main Fax: (612) 604-6800
tboyd@winthrop.com

**VIA ECF AND EMAIL**

The Honorable Eric C. Tostrud
United States District Court
316 N. Robert Street
St. Paul, MN 55101
tostrud_chambers@mnd.uscourts.gov

**Re:   GS Labs' Response to Request for Extension on Motion to Dismiss Word Count in *Blue Cross and Blue Shield of Minnesota v. GS Labs*, No. 22-CV-513 (ECT/DTS).**

Dear Judge Tostrud,

We represent GS Labs, LLC ("GS Labs"), which is the Counterclaim Plaintiff in the above-referenced matter. We write in response to Counterclaim Defendant BCBSM, Inc.'s ("Blue Cross") request to substantially depart from the standard maximum word-count to brief their contemplated motion to dismiss GS Labs' counterclaims.

We oppose the request for two separate and independent reasons. First, as the Court is well aware, and as we have sought to remind Blue Cross, motions to enlarge the word count are highly disfavored. *See, e.g.*, *Randall v. Lady of Am. Franchise Corp.*, No. 04-CV-3394, 2006 WL 6924259, at * 1 (D. Minn. Sept. 13, 2006). Second, in our view, Blue Cross has failed to provide a bona fide justification for exceeding the word count with this motion. Nonetheless, in an effort to accommodate their request, GS Labs consented, subject to Court approval, to a 50% enlargement of the word-count, i.e., 18,000 words.

Blue Cross hastily commenced its preemptive declaratory judgment action to strategically try to claim the mantle of "Plaintiff" in this dispute—even though it is undisputed that Blue Cross has not paid GS Labs more than $73 million in outstanding claims for COVID-19 diagnostic testing GS Labs provided to Blue Cross insureds. As the true "Plaintiff" in this case, GS Labs has since alleged Counterclaims related to Blue Cross' failures to pay and other tortious and illegal conduct. Blue Cross asserts it intends to bring a Motion to Dismiss on *all* of the Counterclaims. This seems strained, to say the least, since it is essentially asserting that Blue Cross is entitled to get away with its refusal to reimburse GS Labs and there is nothing GS Labs can possibly assert to prevent such wrongdoing. This is simply outlandish—and therefore, correspondingly, Blue Cross' request to enlarge the word count by multiples of what is allowed under the Local Rules is unreasonable. Blue Cross' massive motion to dismiss will only serve to unnecessarily waste the parties' and the court's resources.

Judge Tostrud
August 8, 2022
Page 2

Blue Cross initially requested that GS Labs stipulate to extending the word limit to 36,000 words—three times that allowed by the local rules. Needless to say, GS Labs could not agree to Blue Cross' extreme request. When asked for an explanation for this request, Blue Cross provided the theoretical reasons why it believes it should ultimately prevail on the merits, despite the fact we are at the pleading stage and despite the extensive factual detail alleged in support of GS Labs' counterclaims. We candidly advised Blue Cross it should responsibly limit its Motion to Dismiss to those Counterclaims, if any, for which Blue Cross has an actual, bona fide Rule 12(b)(6) basis—rather than a "kitchen sink" and "throw everything at the wall and see what sticks" approach based on strained, implausible arguments that will require the expenditure of unnecessary time, money, and judicial resources.

Again, in the spirit of cooperation, GS Labs is agreeable to allowing Blue Cross an additional 6,000 words—provided, of course, that this would not inconvenience the Court. But GS Labs does not see why double (or triple) the word limit is necessary or advantageous here. Whatever the Court chooses to do, GS Labs simply asks that it be afforded a reciprocal extension as a precautionary measure.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

*s/Thomas H. Boyd*

Thomas H. Boyd

24510713v1