# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BCBSM, Inc, d/b/a Blue Cross and Shield of Minnesota, *a Minnesota nonprofit corporation on behalf of itself and its self-insured groups*,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>GS Labs, LLC, *a Nebraska limited liability company*,<br>　　　　　　　Defendant. | Case No. 22-cv-513 (ECT/DJF)<br><br><br>**ORDER** |

　　　　This matter is before the Court on the parties' joint motions (ECF Nos. 125, 126) to continue sealing certain documents filed in connection with Plaintiff and Counterclaim Defendant BCBSM, Inc.'s ("BCBSM") Motion to Amend Complaint (ECF No. 88) and Defendant GS Labs, LLC's ("GS Labs") Motion for Leave to Amend its First Amended Answer and Counterclaims (ECF No. 102). Specifically, the parties request that: (1) Exhibit C (ECF No. 92) to the Declaration of William F. Stute (ECF No. 91) in support of BCBSM's Motion to Amend Complaint remain sealed because it contains confidential and proprietary business information concerning GS Lab's operations, employees and patients (ECF No. 125); and (2) Exhibits D-CC (ECF Nos. 117 to 117-25) to the Declaration of Andrea Wilson (ECF No. 116) in support of BCBSM's Opposition to GS Lab's Motion for Leave to Amend its Amended Answer and Counterclaims remain sealed because the exhibits contain confidential and proprietary business information concerning the terms and operations of BCBSM's self-insured plans (ECF No. 126).

　　　　A court will seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 597 (1978)).  Notwithstanding, the right of access is not absolute and requires the court to balance the competing interests of public access against the legitimate interests of maintaining confidentiality of the information sought to be sealed.  *Id.* at 1123.  "[T]he weight to be given to presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224.

Plaintiff filed the documents at issue here in connection with the parties' pending motions to amend the pleadings, which are scheduled for a hearing before the District Judge on August 14, 2023.  The parties recently informed the Court that they have reached a settlement in principle to resolve the case, however, such that it is now unlikely the materials will play any role in the District Judge's exercise of Article III judicial power.  (*See* ECF No. 127.)  Having carefully reviewed the documents at issue and ascertaining no other value these materials might have to those monitoring the federal courts, the Court finds good cause to grant the parties' motions.  The Court notes, however, that if the anticipated settlement is not finalized and any portion of the documents becomes significant to a decision from the District Judge, the Court may reopen this ruling and order that portion to be unsealed.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' joint motions for continued sealing (ECF Nos. [125] and [126]) are **GRANTED** as follows:

1. The Clerk is directed to keep ECF Nos. [92], [117], [117-1], [117-2], [117-3], [117-4], [117-5], [117-6], [117-7], [117-8], [117-9], [117-10], [117-11], [117-12], [117-13], [117-14], [117-15], [117-16], [117-17], [117-18], [117-19], [117-20],

[117-21], and [117-22], [117-23], [117-24], and [117-25] under seal.

Dated:  July 7, 2023                                 *s/ Dulce J. Foster*
                                                     DULCE J. FOSTER
                                                     United States Magistrate Judge